ELISEO BERRÍOS, sustituído por CARLOS TORRES, JR., demandante y apelado, *v.* MOISÉS COLÓN, demandado y apelante.

Núm. 9286.—*Sometido:* Enero 24, 1946. *Resuelto:* Mayo 20, 1946.

*L. Santiago Carmona,* abogado del apelante; *Brown, Newsom & Córdova,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En el presente caso, con fecha 12 de enero de 1945, se dictó sentencia declarando con lugar la demanda de reivindicación interpuesta por el demandante contra el demandado. Luego, el demandado solicitó un nuevo juicio y siéndole denegado, con fecha 31 de enero de 1945 interpuso recurso de apelación contra la sentencia dictada.

En 16 de enero de 1946 el apelado solicitó la desestimación de la apelación interpuesta contra la sentencia recurrida en este caso, alegando haberse infringido la Regla núm. 59 del Reglamento de este Tribunal, por haber transcurrido más de noventa días desde la fecha en que se radicara el escrito de apelación, sin que el apelante hubiese perfeccionado la misma con la debida diligencia.

Aparece de los autos una relación de los hechos ocurridos después de interpuesto el recurso de apelación, que en

síntesis, pasamos a transcribir: (1) En 1º de febrero de 1945 a petición del demandado y apelante la corte inferior ordenó se preparase la transcripción de la evidencia. (2) En 8 de febrero de 1945 el demandado y apelante solicitó mediante moción, permiso de la corte inferior para preparar una exposición del caso por encontrarse ausente el taquígrafo Salas que tomó parte de la prueba testifical en el caso. La corte declaró sin lugar esta moción sin perjuicio que fuera reproducida de nuevo cumpliéndose con los requisitos exigidos por la Ley núm. 111 de 1939 (pág. 575). (3) En 27 de febrero de 1945 el demandado y apelante solicitó una prórroga de 60 días para preparar una exposición del caso en cuanto a la prueba tomada por el taquígrafo ausente y la transcripción de la evidencia en cuanto al otro taquígrafo. La moción fué declarada sin lugar en 7 de marzo de 1945, pero se le concedió al demandado y apelante 60 días de prórroga a contar desde el 25 de febrero de 1945 para radicar la transcripción de la evidencia. (4) En 23 de abril de 1945, el demandado y apelante solicitó y la corte le concedió en 2 de mayo del mismo año, otra prórroga de 60 días más para la presentación de la transcripción de la evidencia del taquígrafo ausente. (5) Que vencida en 25 de junio de 1945 la última prórroga concedida al demandado y apelante para la preparación de la transcripción de la evidencia, éste solicitó y la corte le concedió en igual fecha, otra prórroga adicional de 60 días para la preparación de la transcripción de la evidencia del taquígrafo ausente Salas. (6) Que vencido el término de la última prórroga para la radicación de la transcripción de la evidencia en 21 de septiembre de 1945, el demandado y apelante en 4 de octubre del mismo año radicó una segunda moción de nuevo juicio alegando no sería posible conseguir la transcripción de la evidencia del taquígrafo ausente Salas, contra la cual interpuso oposición el demandante y apelado. Celebrada la vista de la referida moción de nuevo juicio a la cual no compareció el demandado

y apelante y sí el demandante y apelado, la corte, con fecha 24 de octubre de 1945, la declaró sin lugar. (7) En 25 de octubre de 1945 el demandado y apelante radicó otra moción de prórroga de 60 días más para radicar *una exposición del caso o de ser posible una transcripción de la evidencia,* la cual le fué concedida por la corte inferior en 29 de octubre del mismo año. (8) En 18 de diciembre de 1945 el demandado y apelante solicitó y obtuvo de la corte inferior el 19 de diciembre del mismo año una nueva prórroga de 60 días para preparar la transcripción de la evidencia del caso, exponiendo que el taquígrafo Salas tomaría posesión de su cargo nuevamente dentro de breve tiempo.

A pesar de esta última prórroga que venciera el día 18 de febrero del año en curso, aún el demandado y apelante no ha perfeccionado su apelación según consta de los autos ante nuestra consideración.

Contra esta moción de desestimación, el apelante interpuso otra de oposición alegando, en esencia, que el expediente del caso elevado ante este Tribunal certificado por el secretario de la corte *a quo* y en el que se apoya el apelado para sostener su moción, no contiene todos los incidentes del caso desde que se dictó sentencia hasta el presente; que el taquígrafo Jorge Salas, ausente y prestando servicios en el Ejército de los Estados Unidos no puede o se ha negado a hacer la transcripción de la evidencia del caso; luego hace un relato de los méritos que tiene su apelación y acaba alegando "que necesita corregir los autos de este incidente sobre desestimación, a los efectos de que aparezcan íntegramente expuestos ante el Tribunal todas las gestiones realizadas por este demandado para perfeccionar su derecho de apelación, y obtener el remedio correspondiente a lo que él considera erróneo y por tanto injusto", para lo cual solicita que se ordene al apelado servirle copia de la certificación expedida por el secretario antes aludido dentro del término de diez días.

■ Previendo una situación análoga a la presente, el legislador, al enmendar el artículo 299 del Código de Enjuiciamiento Civil por la Ley núm. 111 de 5 de mayo de 1939, en lo pertinente al presente caso, dispuso:

"En caso de que el taquígrafo que hubiere tomado las notas durante el juicio falleciere, se incapacitare o se ausentare, hechos éstos que deben probarse a satisfacción del tribunal, y no fuere posible radicar la transcripción de la evidencia, el apelante, dentro de un término razonable que a esos efectos le conceda la corte, preparará una exposición en forma narrativa de la evidencia que se hubiere presentado y pliego de excepciones que deberá ser aprobada y certificada por el juez que conoció y resolvió el asunto, y se enviará en forma original junto con el legajo de la sentencia, al Tribunal Supremo por el Secretario de la Corte de Distrito dentro del término de treinta (30) días a contar desde que el juez imparta su aprobación a dicha exposición y pliego de excepciones."

No vemos razón alguna por la cual el apelante no haya dado cumplimiento a las disposiciones del artículo 299 del Código de Enjuiciamiento Civil según fuere enmendado por la Ley núm. 111, supra, y especialmente después de haberle concedido la corte inferior, a petición suya, un término razonable de 60 días, con fecha 29 de octubre de 1945, para que dejase perfeccionada su apelación preparando una exposición del caso y pliego de excepciones, o, a serle posible, la transcripción de la evidencia. El apelante hace caso omiso de esta última concesión que le hace la corte y, con fecha 18 de diciembre de 1945, vuelve a insistir en una nueva prórroga de 60 días más, que le es concedida, para hacer una transcripción de la evidencia. No obstante, hasta el presente no se ha perfeccionado la apelación ni existe constancia alguna de las diligencias practicadas por el apelante para dejarla perfeccionada. En otras palabras, el caso se encuentra en las mismas condiciones en que lo estaba en la fecha que se dictara sentencia hace más de un año.

■ Consideremos los fundamentos que tiene el apelante contra la desestimación de su recurso. El apelado para

sostener su moción de desestimación une, como parte de la misma, aquella prueba que sostiene sus alegaciones, o sea, la prueba documental debidamente certificada y elevada ante este Tribunal por el secretario de la corte inferior para su consideración. Si fuera de esta prueba documental existe otra que la desvirtúe y sobre la cual habrá de descansar el apelante su oposición, a él incumbe, para sostener sus alegaciones, hacerla llegar hasta este Tribunal para ser considerada en refutación a la presentada por el apelado y no esperar y pretender que éste sea quien la supla. Además, no puede llamarse a sorpresa el apelante cuando él debe tener en sus archivos copias de todas y cada una de las mociones de prórrogas y nuevo juicio que él mismo radicara en la corte a quo, copias de todas y cada una de las oposiciones que se interpusieran en contra de sus pretensiones y copias de todas y cada una de las resoluciones que recayeran contra las mismas, pues damos por sentado que fué debidamente notificado de éstas. Si fuera de las constancias de los autos existen otras acreditativas de lo diligente que ha sido el apelante en la tramitación de su recurso, no vemos qué impedimento legal haya podido tener para no hacerlas llegar hasta nos, pues para ello tenía el camino expedito de conformidad con la ley.

No podemos entrar a considerar los méritos que tenga la apelación en este caso, ya que no se ha solicitado su desestimación por ser frívola. La única cuestión a conderar y resolver es si el apelante ha sido diligente en la tramitación de su recurso, independientemente de lo meritoria que sea su apelación y de los errores en que hubiere incurrido la corte inferior al denegarle sus mociones de nuevo juicio. Un estudio detenido de todas las incidencias en este caso, según aparecen relacionadas anteriormente, nos llevan a la conclusión de que el demandado y apelante no ha sido lo debidamente diligente en la tramitación del re-

curso. No existe causa que justifique su tardanza en los trámites de su apelación.

Con vista del artículo 299 del Código de Enjuiciamiento Civil según fuera enmendado por la Ley núm. 111, supra, de la Regla núm. 59 del Reglamento de este Tribunal, y por los fundamentos antes expuestos, *procede desestimar y por la presente desestimamos el recurso de apelación interpuesto en este caso.*

El Juez Asociado Sr. Córdova se inhibió.